IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROPES & GRAY LLP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| U.S. SOCIAL SECURITY ADMINISTRATION, | ) ) ) Civil Action No. |
| Defendant. | ) ) ) |

## COMPLAINT

1. Plaintiff Ropes & Gray LLP brings this action against Defendant U.S. Social Security Administration (the "SSA") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges as follows:

2. In 1992, the Government Accountability Office (the "GAO") issued a report finding that SSA's disability determinations may be impacted by racial discrimination. *See* U.S. Gov't Accountability Off., HRD-92-56, *Racial Difference in Disability Decisions Warrants Further Investigation*, at 47 (1992). The report called for further investigation to understand the scope or cause of existing racial disparities, including in rates of benefit awards.

3. It is unclear whether any such investigation took place or, if it did, what the results were. The GAO issued similar reports in 2002 and 2003 identifying racial disparities in the SSA's benefit eligibility decisions. *See* U.S. Gov't Accountability Off., GAO-04-14, *SSA*

*Disability Decision Making: Additional Steps Needed to Ensure Accuracy and Fairness of Decisions at the Hearing Level*, at 11 (2003) (hereinafter, "2003 GAO Report"); U.S. Gov't Accountability Off., GAO-02-831 *SSA Disability-Decision Making Additional Measures Would Enhance Agency's Ability to Determine Whether Racial Bias Exists*, at 18 (2002). In these reports, the GAO noted there were data limitations because the SSA had significantly scaled back its collection of race and ethnicity data beginning in 1990. The GAO further noted that the SSA no longer reviewed Administrative Law Judge ("ALJ") decisions for racial bias and had no plans to conduct additional studies on racial disparities in the future.

4. In response to these limitations, the GAO recommended that the SSA "conduct[] ongoing as well as in-depth analyses of ALJ decisions by race and other factors; and publish[] these results in its biennial reports." *See* 2003 GAO Report at 11. The GAO also recommended "that [the] SSA take action, as needed, to correct and prevent unwarranted allowance differences, and establish an expert advisory panel to provide ongoing leadership, oversight, and technical assistance with respect to ALJ quality assurance reviews." *Id.*

5. On behalf of its pro bono client Community Legal Services of Philadelphia ("CLS Philadelphia"), Plaintiff submitted a FOIA request on December 20, 2021 seeking information related to the SSA's collection of race data, the extent of ALJ bias reported to the SSA, as well as any steps the SSA has taken to identify and reduce bias in SSA benefit determinations. *See* Exhibit A, Declaration of John Aidan Lang, Esq. on Behalf of Ropes & Gray LLP.

6. Nearly two years have passed since Plaintiff requested these records and Defendant has not provided a single document in response to this request or confirmed that a reasonable search has been conducted. The agency has neither denied Plaintiff's request outright nor asserted any grounds to justify withholding of any documents.

7. Whatever the SSA's justification for its delay—be it a desire to hide unflattering data about disparities in social security benefit awards, an absence of such data, or a mere failure to conduct a reasonable search in response to Plaintiff's FOIA request—Plaintiff is entitled to injunctive relief to redress the SSA's violation of the generally applicable statutory time limit for processing a FOIA request.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

10. Plaintiff Ropes & Gray LLP is a global law firm headquartered in Boston, Massachusetts. Plaintiff's pro bono client is CLS Philadelphia, a non-profit, charitable organization incorporated under Pennsylvania law, headquartered in Philadelphia, with tax-exempt, 501(c)(3) status. *See* Exhibit B, Declaration of Claire Grandison, Esq. on Behalf of CLS Philadelphia. CLS Philadelphia's organizational mission is to fight poverty, challenge systems perpetuating injustice, and change lives through advocacy and legal representation. *Id.* Identifying and rectifying racial disparities within Social Security programs fit squarely within the organization's mission. CLS Philadelphia intends to publish the information obtained via Ropes & Gray's FOIA request on its website, www.clsphila.org, and to analyze those documents and make recommendations as appropriate. *Id.*

11. Defendant SSA is an agency of the executive branch of the federal government of the United States. Defendant is headquartered in Baltimore, Maryland. Defendant has possession, custody, or control of the documents that Plaintiff seeks in response to its FOIA request.

## **STATEMENT OF FACTS**

12. On December 20, 2021, Plaintiff sent the FOIA request that is the subject of this litigation, requesting the following records:

(1) All correspondence, memoranda or meeting minutes that address the need for an investigation in response to the April 1992 GAO report titled: "Social Security: Racial Difference in Disability Decisions Warrants Further Investigation" and any investigation report detailing the findings of such investigation and how to address them.

(2) All correspondence, memoranda or meeting minutes that address the need for SSA to take additional steps to ensure accuracy and fairness of decisions in response to the November 2003 GAO report titled: "SSA Disability Decision Making: Additional Steps Needed to Ensure Accuracy and Fairness of Decisions at the Hearings Level."

(3) Reports of any audits into the fairness of SSA disability benefit decisions to determine whether race plays any role in such decisions.

(4) All correspondence, memoranda or meeting minutes reflecting discussion of how SSA should respond to, or any measures that should be taken in response to, the September 2002 GAO report titled: "SSA Disability Decision Making: Additional Measures Would Enhance Agency's Ability to Determine Whether Racial Bias Exists."

(5) All correspondence, memoranda or meeting minutes reflecting discussion of how SSA should respond to or otherwise address questions of racial difference in disability decisions as described in the September 1992 GAO record of testimony titled: "Social Security: Racial Difference in Disability Decisions, statement of Lawrence H. Thompson, Assistant Comptroller General."

(6) All correspondence, memoranda or meeting minutes reflecting discussion of how SSA should respond to and/or address the issues described in the October 1, 2020 letter sent by Community Legal Services of Philadelphia to Commissioner Andrew Saul of SSA requesting that SSA collect data on race and ethnicity.

(7) All correspondence, memoranda, meeting minutes or decision records discussing or supporting the decision to stop collecting race and ethnicity data after approximately 2002 for the SSI program and after 2009 for the OASDI program.

(8) A log of all complaints to the SSA regarding decisions that were alleged to have been impacted by racial bias, including the date of the complaint, the author of the complaint, the action taken to address the complaint, and any ultimate conclusion on the merits.

(9) All correspondence, memoranda or meeting minutes reflecting discussion of race-linked trends at the phases of the initial application, the request for reconsideration, and/or the administrative law judge hearing.

(10) All training materials SSA has issued to staff (including at field offices, within disability determination services, and at the ALJ level) related to bias.

*See* Exhibit C, FOIA Correspondence Dated May 23, 2022.[1] Plaintiff also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) or 5 U.S.C. § 552(a)(4)(A)(ii)(II) because the FOIA request was submitted in furtherance of CLS Philadelphia's public interest mission and not for any commercial purpose. *See* Exhibits A and B.

13. Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request—that is, by January 9, 2022—Defendant was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," Plaintiff's right "to seek assistance from the FOIA Public Liaison of the agency" and, in the case of an adverse determination, Plaintiff's right to appeal. 5 U.S.C. § 552(a)(6)(A)(i). *See* Exhibit A.

14. Defendant has categorically failed to make the required determination and notifications.

15. On January 27, 2022—18 days after the SSA was obligated to respond with a determination—the agency responded that it was "processing" the FOIA request but "require[d] clarification for Item #10 of [the] request." Specifically, the SSA sought to clarify the relevant time-period for Plaintiff's request for "[a]ll training materials SSA has issued to staff (including at field offices, within disability determination services, and at the ALJ level) related to bias."

---

[1] Plaintiff did not receive an as-filed copy of the FOIA request because it was filed through the FOIA Public Access Link, however, the SSA's May 23, 2022 email contains a list of Plaintiff's original requests and is included as Exhibit C.

Plaintiff responded several hours later, clarifying that it sought "all associated materials from calendar year 1991 to the present." *Id.*

16.     On March 22, 2022, Plaintiff requested an update on the status of the FOIA request.  The SSA replied on April 11, 2022, stating only, "We are still processing your FOIA request."  *Id.*

17.     On May 23, 2022—more than five months after Plaintiff submitted its FOIA request—the SSA contacted Plaintiff, raising for the first time that seven of Plaintiff's requests were overbroad because they requested "[a]ll correspondence" concerning certain carefully delineated categories of information.  The SSA also asked Plaintiff to provide time frames for six other requests, custodians whose files should be searched, and a list of search terms. *Id.*

18.     Plaintiff responded to the SSA's request for clarification on June 1, 2022.  The SSA followed up on June 17, 2022, seeking additional clarification regarding one of Plaintiff's requests.  Plaintiff provided the requested information on June 21, 2022. *Id.*

19.     On September 22, 2022, Plaintiff once more requested an update on the status of its request.  This inquiry was ignored. *Id.*

20.     Roughly three months later, on January 13, 2023, Plaintiff contacted the U.S. Office of Government Information Services ("OGIS") and Director Alina Semo to seek assistance through OGIS's ombudsman service. *Id.*

21.      On February 8, 2023, Plaintiff received a response from OGIS staff at the National Archives and Records Administration ("NARA") regarding Plaintiff's inquiry about the status of its FOIA request.  That response stated that the "SSA is consulting with their Office of General Law" regarding the request and anticipated "provid[ing] an interim response by March 10, 2023."  *Id.*

22. Despite these assurances of a timely response, Plaintiff never heard back from OGIS, Social Security, or NARA. *Id.*

23. On October 13, 2023, Plaintiff contacted the SSA to inquire once more about the status of its FOIA request. The SSA responded that the agency was "in receipt of [Plaintiff's] email." Discussions with an information specialist named Ms. Woods on October 24, 2023 confirmed that responsive documents existed, but no searches had yet been conducted. Ms. Woods also suggested that the cost of producing documents would be extremely high, though no estimate has yet been provided. *Id.*

24. Under 5 U.S.C. § 552(a)(6)(C), the SSA's failure to substantively respond to Plaintiff's request within the generally applicable statutory time limit for the processing of any FOIA request empowers Plaintiff to judicial relief without needing to first seek administrative remedies.

25. Accordingly, Plaintiff is entitled to injunctive and declaratory relief from the SSA's wrongful withholding of records requested in Plaintiff's December 20, 2021 FOIA request.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

26. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

27. Defendants are in violation of FOIA by failing to respond to Plaintiff's request within the statutorily prescribed time limit and by unlawfully withholding records responsive to Plaintiff's request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) Order Defendants, by a date certain, to conduct a search that is reasonably likely to lead to the discovery of any and all records responsive to Plaintiff's request;

(2)     Order Defendants, by a date certain, to demonstrate that it has conducted an adequate search;

(3)     Order Defendants, by a date certain, to produce to Plaintiff any and all non-exempt records or portions of records responsive to Plaintiff's request, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

(4)     Enjoin Defendants from improperly withholding records responsive to Plaintiff's request;

(5)     Order Defendants to grant Plaintiff's request for a fee waiver;

(6)     Grant Plaintiff an award of attorney fees and other reasonable litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E);

(7)     Grant Plaintiff such other relief as the Court deems appropriate.

Date: November 22, 2023                      /s/      *Rebecca Williams*

                                                 Rebecca Williams
Ropes & Gray LLP
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
rebecca.williams@ropesgray.com
(202) 508-4726

Beth Weinman
*Pro Hac Vice forthcoming*
Ropes & Gray LLP
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
beth.weinman@ropesgray.com
(609) 774-3921

Aidan Lang
*Pro Hac Vice forthcoming*
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600
aidan.lang@ropesgray.com
(617) 951-7490

Federic Giustini
*Pro Hac Vice forthcoming*

>Ropes & Gray LLP
>1211 Avenue of the Americas
>New York, New York 10036-8704
>federico.giustini@ropesgray.com
>(212) 596-9569
>
>*Counsel for Plaintiff*